

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 23, 1966

Mr. Frank R. Booth
Executive Director
Texas Water Rights Commission
Austin, Texas

Opinion No. C-624

Re: Whether the maximum use fees
prescribed by Article 7532
V.C.S. are applicable to each
application for a permit or
whether the use of the word
"project" in Article 7534
V.C.S. means that a combined
maximum fee of $1,500 applies
to all three applications.

Dear Mr. Booth:

In your opinion request, we were advised that the Commission
has received three applications for permits to use and divert
water from the Cooper reservoir in the Sulphur River Basin.
The Sulphur River Municipal Water District has applied for a
permit to impound water and divert it for municipal and in-
dustrial purposes. The City of Irving has also applied for
a similar permit, and the North Texas Municipal Water District
has requested water for industrial purposes only. Your letter
further states that the maximum "use" fees under Article 7532,
Vernon's Civil Statutes, for the Sulphur River Municipal
Water District and the City of Irving would be $1,700 each.

You have requested our opinion as to whether the maximum use
fees described in Article 7532 are applicable to each appli-
cation for a permit or whether the use of the word "project"
in Article 7534, Vernon's Civil Statutes, means that a com-.
bined maximum fee of $1,500 applies to all three applications.

We will not quote all of Article 7532. It is sufficient to
note that it provides for a comprehensive schedule of "filing"
fees to be paid to the Board and in addition thereto certain .
other fees based upon the contemplated use of the water.
Said fees are to be paid "on each application for a permit to
acquire a water right."

Five categories of water use are listed with a specific fee for each category. The next to the last paragraph thereof provides:

> "The maximum fees for any use of water under a permit shall not exceed $1,500 and for each additional use under the same permit for which such maximum fee is paid the fee shall not exceed $200 in addition to said sum of $1,500." (Emphasis Added)

Article 7534 on the other hand, reads, in part, as follows:

> "The fees to be paid for filing in the office of the State Board of Water Engineers of applications for permits for the storage, diversion and use of water shall not exceed the sum of $1,500 for any one such application, permit, or project.- - -" (Emphasis added)

The term "project" is defined in Webster's Third International Dictionary in part as:

> "A devised or proposed plan - - a planned undertaking - - an undertaking devised to affect the reclamation or improvement of a particular area of land.- -"

It would therefore appear that there are two areas of conflict between Articles 7532 and 7534. First: Article 7534 limits the maximum fee to be charged on any one application or permit to $1,500, while Article 7532 expressly authorizes additional fees, not to exceed $200, to be charged for each additional use of water under the same permit. The additional "use" fees are expressly made conditional upon the maximum use fee of $1,500 first being paid. Second: Article 7532 provides that the enumerated fees are to be paid to the Board upon "each application for a permit- - -", while, if the usual definition is given to the word "project", Article 7534 would limit the maximum fee charged to $1,500 regardless of the number of applications filed or permits granted.

Where there is a clear and irreconcilable conflict between legislative enactments upon the same subject matter, the general rule is that the last expression of the Legislature prevails. Halsell v. Texas Water Commission, 380 S.W.2d 1, (Tex. Civ. App., 1964, error ref., n.r.e.); 82 C.J.S., 477 Statutes, Sec. 286 states the rule as follows:

"An implied repeal is one which takes place
when a new law contains provisions which are
contrary to, but do not expressly repeal,
those of a former law - - and a repeal by
implication is as effective as an express
repeal. Whether it has been so repealed
is a question of legislative intent."

Article 7534 was originally enacted as Section 1, Acts 1920, 36th
Leg., 3rd C.S., ch. 46, p. 87, and provided for a maximum fee
of $6,000 upon any one application, permit or project. Sec-
tions 2 and 3 thereof were codified as Articles 7535 and
7536, Vernon's Civil Statutes. Section 1 was subsequently a-
mended by the Acts of 1923, 38th Leg., ch. 136, p. 281, and
the maximum fee was lowered to $1,500.

Article 7532 was enacted in 1925 as Section 4 of the Acts of
1925, 39th Leg., ch. 136, p. 342, amending Section 41 of Acts
1917, 35th Leg., ch. 88, p. 221. The new section was a com-
plete revision of the old section. A new schedule of rates
was applied; the categories of water use were expanded; and
the last two paragraphs of the present article were added.
Section 7 of the Acts of 1925 contained a general repealing
cause of "all laws in conflict with the provisions hereof."

A general repealing clause is effective to repeal all prior
general laws, or parts thereof, which are repugnant to, and
inconsistent and irreconcilable with the repealing statute.
82 C.J.S. 476, Statutes, Sec. 285; First National Bank v.
Lee County Cotton Oil Co., 274 S.W. 127 (Comm. App., 1925);
State Board of Insurance v. Adams, 316 S.W.2d 773 (Tex. Civ.
App., 1958, n.w.h.).

As noted above, in order for the rule of implied repeal to
apply, the two enactments must be upon the same subject and
must be repugnant to, and inconsistent and irreconcilable
with each other. Articles 7532 and 7534 treat of the same
subject matter and are repugnant to and inconsistent with
each other. The next to the last paragraph of Article 7532
and Article 7534 both set forth the maximum use fees that the
Board may charge and collect. Article 7532 provides that the
enumerated fees shall be paid to the Board upon each appli-
cation for a permit, while Article 7534 would limit the maxi-
mum fees to $1,500 on an entire project. If Article 7534
was upheld it could lead to one applicant either paying the
entire fee for a project, or the Board attempting to make
some sort of division between the applicants based upon the
number of uses each applied for and the amount of water to be
diverted to each use by each applicant. We find no authoriza-
tion or direction for such mathematical calculations.

We find that Articles 7532 and 7534 are in irreconcilable conflict and that Article 7534 was impliedly repealed under Section 7, of the Acts of 1925. We are of the opinion, therefore, that the maximum use fees prescribed by Article 7532 are applicable to each application for a permit to acquire a water right.

### SUMMARY

Article 7532, V.C.S., and not Article 7534, V.C.S., governs the Texas Water Rights Commission on assessing and collecting fees upon applications for permits to acquire water rights. Articles 7532 and 7534 being in conflict, Article 7534 was impliedly repealed by the general repealing clause contained in Acts 1925, 39th Leg., ch. 136, p. 342.

Very truly yours,

WAGGONER CARR
Attorney General

MARVIN F. SENTELL
Assistant Attorney General

MS:bp

APPROVED
OPINION COMMITTEE

W. V. Geppert, Chairman
Linward Shivers
W. O. Shultz
John Reeves
Phillip Crawford

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright